IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JUSTIN HARRISON BIRCH, individually and as personal representative of the Estate of VIRL LANE BIRCH, JOY FINLAYSON BIRCH, JUSTIN HARRISON BIRCH, JORDAN DOUGLASS BIRCH and COLTON BENNION BIRCH,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>POLARIS INDUSTRIES INC.,<br><br>　　　　　　Defendant. | MEMORANDUM DECISION & ORDER<br><br>Case No. 2:13-cv-00633<br><br>United States District Court Judge Robert Shelby<br><br>Magistrate Judge Dustin Pead |

　　　　District Judge Robert J. Shelby referred this case to Magistrate Judge Dustin Pead pursuant to 28 U.S.C. § 636(b)(1)(A) (doc. 33). On January 21, 2014, Judge Shelby ordered that any discovery dispute between the parties be filed and addressed consistent with the Short Form Discovery Motion Procedure (doc. 28).[1]

### I. Dispute

　　　　In general, the terms of the current dispute are as follows. On September 16, 2014, Plaintiffs filed a "Motion To Extend Fact Discovery Deadline" seeking an order of the court "extending fact discovery for the limited purpose of exploring Polaris' training program" (doc.

---

[1] Pursuant to rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and concludes that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

84).² In support of their motion, Plaintiffs explain that it was only after the close of fact discovery and the tender of expert reports that they became aware of Defendant's intent to focus on the third party negligence of Polaris certified Master Service Dealer Skyler Damron ("Mr. Damron") and his allegedly improper repair and modification of the subject RZR (sealed docs. 84-2, 84-2). As a result, Plaintiffs move for an extension of the fact discovery deadline in order to obtain additional time to depose witnesses relevant to this issue.

In response, Defendant argues that Plaintiff was previously alerted to issues involving Mr. Damron on both April 4, 2014, via its "Notice of Non-Party At Fault" (doc. 89-5), and in conjunction with Mr. Damron's own March 20, 2014, deposition (doc. 89-1).³ Moreover, because fact discovery ended over three months ago, Defendant contends that any extension of discovery dates will cause undue prejudice and delay.

On October 3, 2014, the Court requested supplemental briefing on the issue of establishing "good cause" to support Plaintiffs' requested modification of the scheduling order specifically in light of Defendant's April 4, 2014, "Notice of Non-Party At Fault" (doc. 93). On October 10, 2014, Plaintiffs filed a supplemental brief (doc. 102) and on October 17, 2014, Defendant filed its response thereto (doc. 103). Plaintiffs' supplemental brief seeks to expand the initial deposition request (doc. 84-1) to include a follow-up deposition of Mr. Damron which Plaintiffs contend has

---

² Specifically, the Notice of Deposition seeks those person or persons "in charge of granting and certifying of dealer mechanics and technicians to do replacement, maintenance, repair and inspections on ATVs, such as the Subject Vehicle." (doc. 84-1).

³Additionally, Defendant cites to a September 25, 2012, memorandum contained in Dr. David Renfroe's file, testimony elicited at Dr. Renfroe's deposition and emails between Mr. Damron and decedent discussing repairs and modifications to the subject RZR as further evidence that Plaintiff knew or should have known that Mr. Damron's modifications to the RZR (doc. 88).

been recently "necessitated by the focus of Polaris' Motion for Summary Judgment" (doc. 102, pg. 4).

## II.  Ruling

District courts are given "wide latitude" when determining whether to amend a scheduling order, and the Tenth Circuit reverses "only for abuse of discretion." *Summers v. Mo. Pac R.R. Sys.,* 132 F.3d 599, 604 (10th Cir. 1997).

Pursuant to rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Demonstrating good cause under the rule requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Strope v. Collins,* 315 Fed. Appx . 57, 61 (10th Cir. 2009) (quotations and citation omitted). "The party seeking an extension is normally expected to show good faith on its part and some reasonable basis for not meeting the deadline." *Sithon Maritime Co. v. Holiday Mansion,* No. 96022620KHV, 1999 U.S. Dist. LEXIS 1466, at *7 (D. Kan. Feb. 8, 1999) (quotations and citation omitted).  Applying these legal standards, the court concludes that Plaintiffs have not established good cause for an extension of the fact discovery deadline.

As Plaintiffs note, it is common for the direction of the litigation to change throughout the discovery processes.  Changes to the complexion of the litigation, however, do not absolve the parties of their duties of reasonableness and diligence.  Here, Plaintiffs waited over three months after expiration of the current fact discovery deadline, June 6, 2014, (doc.44), to seek an extension

of the discovery deadlines from the court (doc. 84).[4]  Plaintiffs attempt to explain their delay by arguing that they did not recognize the importance of information about the Polaris dealer training and certification process until after receipt of expert reports and the June 26, 2014, disassembly of the subject RZR (doc. 102).  The court finds, however, that given the information provided to Plaintiffs on this topic through both Defendant's April 6, 2014, "Notice of a Non-Party At Fault" regarding Mr. Damron, and the May 1, 2014, deposition of Defendant's corporate representative (doc. 103, p.3), Plaintiffs are unable to establish "diligen[ce] in attempting to meet the [current] deadlines".  *See Strope,* 315 Fed Appx. at 61 (quotations and citations omitted).

    Ultimately, while the parties knowledge of all relevant facts and issues in a case is beneficial to the litigation process, it is not the duty of the court to ensure mutual enlightenment.  Here, Defendant's April 6, 2014, "Notice of Non-Party At Fault" specifically identified Mr. Damron as someone with potential liability for Plaintiffs' alleged damages—the title of the notice alone imparts that information.  Additionally, the contents of the notice itself provide Plaintiffs with timely legal notice of Defendant's identification of  Mr. Damron as a non-party who they consider to be "at fault and liable to Plaintiffs due to his negligent and improper repairs, modifications and alterations to the subject RZR, specifically the rollover protection structure ("ROPS")" (doc. 89-5).

    In response to the court's request for additional briefing on the issue of "good cause," Plaintiffs assert that the "Notice of Non-Party Fault" provided them with information about the "repairs Mr. Damron had performed" but did not indicate "how those repairs had been

---

[4]This is Plaintiffs second request for an extension of the fact discovery deadline.  The Court previously granted Plaintiffs' "Expedited Motion To Extend Plaintiffs' Fact Witness Discovery Deposition Deadline" on April 11, 2014 (doc. 44).

accomplished." (doc. 102, p.2).  Ultimately, the court finds this argument unpersuasive as it elevates semantics over the establishment of a reasonable basis for not conducting discovery related to  Polaris' training, certification and maintenance programs.

Accordingly, the Court determines that Plaintiffs fail to establish good cause for a second extension of the fact discovery deadline, and Plaintiff's motion to re-open and extend fact discovery is hereby DENIED (doc. 84).

**IT IS SO ORDERED.**

DATED this 24rd day of October, 2014.

_____
Dustin Pead
U.S. Federal Magistrate Judge